## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **THOMAS V.M. LINGUANTI** ) <br> Baker & McKenzie LLP ) <br> 130 East Randolph Drive ) <br> Chicago, Illinois 60601 ) <br> (312) 861-2623, ) <br> ) <br>        **Plaintiff,** ) <br> ) <br>       **v.** ) <br> ) <br> **INTERNAL REVENUE SERVICE** ) <br> 1111 Constitution Avenue, NW ) <br> Washington, DC 20224, ) <br> ) <br>       **Defendant.** ) | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.    This action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, is for injunctive and other appropriate relief seeking the release of agency records requested by Plaintiff, Thomas V.M. Linguanti, from Defendant, the Internal Revenue Service.

## JURISDICTION AND VENUE

2.    This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 52(a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue lies in this district pursuant to 5 U.S.C. §552(a)(4)(B).

1

**PARTIES**

3.      Plaintiff, Thomas V.M. Linguanti, is an attorney with Baker & McKenzie LLP, admitted to practice in Illinois and New York, with offices at 130 East Randolph Drive, Chicago, Illinois 60601.

4.      Defendant, Internal Revenue Service ("Defendant," or the "IRS"), is an agency of the Federal government within the meaning of 5 U.S.C. §552(f), with its headquarters in Washington, D.C., and is subject to the requirements of the FOIA. The IRS is the federal agency with possession and control of the requested records and is responsible for fulfilling Plaintiff's FOIA requests.

**STATUTORY FRAMEWORK**

5.      The FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

6.      An agency has twenty working days after receipt of a request in which to determine whether to comply with the request. The agency must then immediately notify the requester of its determination and reasons therefor and of the right of the requester to appeal an adverse determination to the agency's head. 5 U.S.C. §552(a)(6)(A)(i).

7.      In "unusual circumstances," the time limits "may be extended by written notice" that sets forth the date a determination is expected to be sent and that generally does not provide for an extension of more than ten working days. 5 U.S.C. §552(a)(6)(B)(i).

8.      The agency must notify the requester if the request cannot be processed within such time and must provide the requester the opportunity to limit the scope of the request so it can be processed within such time or the opportunity "to arrange with the agency an alternate time frame for processing the request or a modified request." 5 U.S.C. §552(a)(6)(B)(ii). A

refusal to modify the request or arrange an alternate time frame is a consideration in determining whether "exceptional circumstances" exist.  Id.

9.      If the agency fails to comply with the time limit provisions, the requester "shall be deemed to have exhausted his administrative remedies."  5 U.S.C. §552(a)(6)(C)(i).  If the agency can show "exceptional circumstances" and the exercise of "due diligence," a court may give the agency additional time to respond even after a case is docketed.  Id.

10.      This Court has jurisdiction upon receipt of a complaint "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. §552(a)(4)(B).

## PLAINTIFF'S FOIA REQUESTS

11.      On August 9, 2006, Plaintiff filed a request for internal and external training materials regarding the use of the market capitalization of a company for purposes of determining the value of its intangible assets (a "Market Cap Analysis") under 26 U.S.C. §482 (the "1480 FOIA Request," Exhibit A to the Declaration of Thomas V.M. Linguanti, dated April 13, 2007, (Attachment 1 hereto)).  In the request, Plaintiff specifically requested documents and materials created by the IRS, U.S. Department of Treasury, or other Federal agency, and documents and materials created by non-governmental third parties, which were provided to or used by IRS personnel.

a.      On October 2, 2006, Joan D. McClean, Disclosure Manager ("McClean"), responded that the IRS required additional time to respond to the request, extending the time to October 31, 2006 (the "1480 First Response," Linguanti Declaration, Exhibit B).  The IRS requested additional time but did not deny access to the requested items.  Plaintiff agreed to the extension of time.

3

b.      On November 22, 2006, McClean responded a second time that the IRS needed additional time to respond to the 1480 FOIA Request (the "1480 Second Response," Linguanti Declaration, Exhibit C). The 1480 Second Response notified Plaintiff that if the IRS was unable to respond by January 12, 2007, the IRS would contact Plaintiff regarding the status of the 1480 FOIA Request. Plaintiff refrained from filing suit and allowed the additional extension.

c.      On February 6, 2007, McClean responded a third time that the IRS needed additional time to respond to the 1480 FOIA Request (the "1480 Third Response," Linguanti Declaration, Exhibit D). The 1480 Third Response notified Plaintiff that if the IRS was unable to respond by June 15, 2007, the IRS would contact Plaintiff regarding the status of the 1480 FOIA Request.

d.      On March 8, 2007, Plaintiff notified the IRS that he remained interested in receiving the records requested but did not consent to the request for additional time (the "1480 Plaintiff Letter," Linguanti Declaration, Exhibit E).

e.      Because the IRS failed to comply with the FOIA time limit provisions (including reasonable extensions of that time limit), Plaintiff exhausted his administrative remedies in accordance with 5 U.S.C. §552(a)(6)(C)(i).

12.     On August 9, 2006, Plaintiff filed a request for internal and external training materials regarding cost sharing arrangements and buy-in computations under 26 U.S.C. §482 (the "1481 FOIA Request," Linguanti Declaration, Exhibit F). In the request, Plaintiff specifically requested documents and materials created by the IRS, U.S. Department of Treasury, or other Federal agency, and documents and materials created by non-governmental third parties, which were provided to or used by IRS personnel.

4

a.    On October 2, 2006, McClean responded that the IRS required additional time to respond to the request, extending the time to October 31, 2006 (the "1481 First Response," Linguanti Declaration, Exhibit G). The IRS requested additional time but did not deny access to the requested items. Plaintiff agreed to the extension of time.

b.    On November 22, 2006, McClean responded a second time that the IRS needed additional time to respond to the 1481 FOIA Request (the "1481 Second Response," Linguanti Declaration, Exhibit H). The 1481 Second Response notified Plaintiff that if the IRS was unable to respond by January 12, 2007, the IRS would contact Plaintiff regarding the status of the 1481 FOIA Request. Plaintiff refrained from filing suit and allowed the additional extension.

c.    On February 6, 2007, McClean responded a third time that the IRS needed additional time to respond to the 1481 FOIA Request (the "1481 Third Response," Linguanti Declaration, Exhibit I). The 1481 Third Response notified Plaintiff that if the IRS was unable to respond by June 15, 2007, the IRS would contact Plaintiff regarding the status of the 1481 FOIA Request.

d.    On March 8, 2007, Plaintiff notified the IRS that he remained interested in receiving the records requested but did not consent to the request for additional time (the "1481 Plaintiff Letter," Linguanti Declaration, Exhibit J).

e.    Because the IRS failed to comply with the FOIA time limit provisions (including reasonable extensions of that time limit), Plaintiff exhausted his administrative remedies in accordance with 5 U.S.C. §552(a)(6)(C)(i).

13.    On October 19, 2006, Plaintiff filed a request for all documents submitted by any taxpayer to support or oppose a Market Cap Analysis (the "0085 FOIA Request," Linguanti

5

Declaration, Exhibit K). In the request, Plaintiff specifically requested any document prepared by any taxpayer, and all communications between any taxpayer and the IRS. Plaintiff specifically advised the IRS that these materials should be provided without disclosing the identity of such taxpayer or taxpayers and thus that the provision of such materials to Plaintiff is not barred by 26 U.S.C. §6103 or any other related provision. (Exhibit K at 2.)

      a.     On December 6, 2006, McClean responded that the IRS required additional time to respond to the request, extending the time to February 28, 2007 (the "0085 First Response," Linguanti Declaration, Exhibit L). The IRS requested additional time but did not deny access to the requested items. Plaintiff agreed to the extension of time.

      b.     On February 20, 2007, McClean responded a second time that the IRS needed additional time to respond to the 0085 FOIA Request (the "0085 Second Response," Linguanti Declaration, Exhibit M). The 0085 Second Response notified Plaintiff that if the IRS was unable to respond by June 22, 2007, the IRS would contact Plaintiff regarding the status of the 0085 FOIA Request.

      c.     On March 8, 2007, Plaintiff notified the IRS that he remained interested in receiving the records requested (the "0085 Plaintiff Letter," Linguanti Declaration, Exhibit N).

      d.     Because the IRS failed to comply with the FOIA time limit provisions (including reasonable extensions of that time limit), Plaintiff exhausted his administrative remedies in accordance with 5 U.S.C. §552(a)(6)(C)(i).

    14.     On October 17, 2006, Plaintiff filed a request for documents in which the IRS utilized a foregone profits analysis to value a taxpayer's intangible assets under Proposed Treasury Regulation §1.482-7(g)(4) (the "0086 FOIA Request," Linguanti Declaration, Exhibit O). In the request, Plaintiff specifically requested documents and materials, including expert

reports and other analyses, created or relied on by the IRS, U.S. Department of Treasury, or other Federal agency, and non-governmental third parties that address the proper formula to calculate foregone profits, including, but not limited to, the proper growth rates or discount rates.

      a.      On December 6, 2006, McClean responded that the IRS required additional time to respond to the request, extending the time to February 28, 2007 (the "0086 First Response," Linguanti Declaration, Exhibit P). The IRS requested additional time but did not deny access to the requested items. Plaintiff agreed to the extension of time.

      b.      On February 20, 2007, McClean responded a second time that the IRS needed additional time to respond to the 0086 FOIA Request (the "0086 Second Response," Linguanti Declaration, Exhibit Q). The 0086 Second Response notified Plaintiff that if the IRS was unable to respond by June 22, 2007, the IRS would contact Plaintiff regarding the status of the 0086 FOIA Request.

      c.      On March 8, 2007, Plaintiff notified the IRS that he remained interested in receiving the records requested (the "0086 Plaintiff Letter," Linguanti Declaration, Exhibit R).

      d.      Because the IRS failed to comply with the FOIA time limit provisions (including reasonable extensions of that time limit), Plaintiff exhausted his administrative remedies in accordance with 5 U.S.C. §552(a)(6)(C)(i).

      15.      On October 19, 2006, Plaintiff filed a request for documents in which the IRS valued a taxpayer's intangible property in connection with a transfer of intangible property under 26 U.S.C. §367(d) and determined goodwill or going concern value were compensable under 26 U.S.C. §367(d) (the "0087 FOIA Request," Linguanti Declaration, Exhibit S). In the request, Plaintiff specifically requested documents and materials, including expert reports and other

analyses, created by or relied on by the IRS, U.S. Department of Treasury, or other Federal agency, and non-governmental third parties.

      a.     On December 6, 2006, McClean responded that the IRS required additional time to respond to the request, extending the time to February 28, 2007 (the "0087 First Response," Linguanti Declaration, Exhibit T). The IRS requested additional time but did not deny access to the requested items. Plaintiff agreed to the extension of time.

      b.     On February 20, 2007, McClean responded a second time that the IRS needed additional time to respond to the 0087 FOIA Request (the "0087 Second Response," Linguanti Declaration, Exhibit U). The 0087 Second Response notified Plaintiff that if the IRS was unable to respond by June 22, 2007, the IRS would contact Plaintiff regarding the status of the 0087 FOIA Request.

      c.     On March 8, 2007, Plaintiff notified the IRS that he remained interested in receiving the records requested (the "0087 Plaintiff Letter," Linguanti Declaration, Exhibit V).

      d.     Because the IRS failed to comply with the FOIA time limit provisions (including reasonable extensions of that time limit), Plaintiff exhausted his administrative remedies in accordance with 5 U.S.C. §552(a)(6)(C)(i).

16.     On October 30, 2006, Plaintiff filed a request for documents that were submitted by any consultant or expert engaged or contracted by the IRS to support or oppose a Market Cap Analysis (the "108 FOIA Request," Linguanti Declaration, Exhibit W). In the request, Plaintiff specifically requested documents prepared by any non-IRS employee acting as an expert or consultant that used or considered a Market Cap Analysis, and documents prepared by any IRS employee acting as an internal expert or consultant that used a Market Cap Analysis.

a.      On December 13, 2006, McClean responded that the IRS required additional time to respond to the request, extending the time to February 28, 2007 (the "108 First Response," Linguanti Declaration, Exhibit X). The IRS requested additional time but did not deny access to the requested items. Plaintiff agreed to the extension of time.

b.      On February 20, 2007, McClean responded a second time that the IRS needed additional time to respond to the 108 FOIA Request (the "108 Second Response," Linguanti Declaration, Exhibit Y). The 108 Second Response notified Plaintiff that if the IRS was unable to respond by June 22, 2007, the IRS would contact Plaintiff regarding the status of the 108 FOIA Request.

c.      On March 8, 2007, Plaintiff notified the IRS that he remained interested in receiving the records requested (the "108 Plaintiff Letter," Linguanti Declaration, Exhibit Z).

d.      Because the IRS failed to comply with the FOIA time limit provisions (including reasonable extensions of that time limit), Plaintiff exhausted his administrative remedies in accordance with 5 U.S.C. §552(a)(6)(C)(i).

## CAUSES OF ACTION

### First Cause of Action

17.     Plaintiff reasserts and incorporates by reference paragraphs 1-16.

18.     Plaintiff properly requested records within the IRS's control in accordance with the FOIA.

19.     Plaintiff is entitled under the FOIA to access the requested records.

20.     Defendant wrongfully withheld the requested records in violation of the FOIA.

21.     Plaintiff exhausted his administrative remedies with regard to the wrongfully withheld records.

9

**Second Cause of Action**

22.     Plaintiff reasserts and incorporates by reference paragraphs 1-16.

23.     Plaintiff properly requested records within the IRS's control in accordance with the FOIA.

24.     Plaintiff is entitled under the FOIA to access the requested records.

25.     Defendant's failure to respond timely to Plaintiff's requests constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA.  Defendant's failure to timely respond is arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a.     enjoin the IRS from withholding and order the IRS to produce for Plaintiff and for the public the documents Plaintiff requested in his FOIA requests, in accordance with 5 U.S.C. §552(a)(4)(B);

b.     award Plaintiff its costs and reasonable attorney fees incurred in prosecuting this action, in accordance with 5 U.S.C. §552(a)(4)(E).

c.     grant such other and further relief as the Court may deem just and proper.

Dated:   April 16, 2007                              Respectfully submitted,


George M. Clarke III
(Bar No. 480073)
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, D.C.  20006-4078
Phone: (202) 452-7000
Fax: (202) 452-7074

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **THOMAS V.M. LINGUANTI** | ) | |
| Baker & McKenzie LLP | ) | |
| 130 East Randolph Drive | ) | |
| Chicago, Illinois 60601 | ) | |
| (312) 861-2623, | ) | |
|  | ) | |
| **Plaintiff,** | ) | |
|  | ) | |
| **v.** | ) | Civil Action No. |
|  | ) | |
| **INTERNAL REVENUE SERVICE** | ) | |
| 1111 Constitution Avenue, NW | ) | |
| Washington, DC  20224, | ) | |
|  | ) | |
| **Defendant.** | ) | |
|  | ) | |

## <u>DECLARATION OF THOMAS V.M. LINGUANTI</u>

I, Thomas V.M. Linguanti, pursuant to 28 U.S.C. Section 1746, declare as follows:

    1.    On August 9, 2006, I filed a request for internal and external training materials regarding the use of the market capitalization of a company for purposes of determining the value of its intangible assets (a "Market Cap Analysis") under 26 U.S.C. §482  (the "1480 FOIA Request").    Attached  as  Exhibit  A  to  Plaintiff's  Complaint  for  Injunctive  Relief  (the "Complaint") is a true and correct copy of the 1480 FOIA Request.

    a.    On October 2, 2006, I received a response from Joan D. McClean, Disclosure Manager ("McClean"), who stated that the IRS required additional time to respond to the request, extending the time to October 31, 2006 (the "1480 First Response").  Attached as Exhibit B to the Complaint is a true and correct copy of the 1480 First Response.

1

b.    On November 22, 2006, I received a second response from McClean, stating that the IRS needed additional time to respond to the 1480 FOIA Request, extending the time to January 12, 2007 (the "1480 Second Response"). Attached as Exhibit C to the Complaint is a true and correct copy of the 1480 Second Response.

c.    On February 6, 2007, I received a third response from McClean, stating that the IRS needed additional time to respond to the 1480 FOIA Request, extending the time to June 15, 2007 (the "1480 Third Response"). Attached as Exhibit D to the Complaint is a true and correct copy of the 1480 Third Response.

d.    On March 8, 2007, I notified the IRS that I remained interested in receiving the records requested but did not consent to the request for additional time (the "1480 Plaintiff Letter"). Attached as Exhibit E to the Complaint is a true and correct copy of the 1480 Plaintiff Letter.

2.    On August 9, 2006, I filed a request for internal and external training materials regarding cost sharing arrangements and buy-in computations under 26 U.S.C. §482 (the "1481 FOIA Request"). Attached as Exhibit F to the Complaint is a true and correct copy of the 1481 FOIA Request.

a.    On October 2, 2006, I received a response from McClean, stating that the IRS required additional time to respond to the request, extending the time to October 31, 2006 (the "1481 First Response"). Attached as Exhibit G to the Complaint is a true and correct copy of the 1481 First Response.

b.    On November 22, 2006, I received a second response from McClean, stating that the IRS needed additional time to respond to the 1481 FOIA Request, extending the

time to January 12, 2007 (the "1481 Second Response"). Attached as Exhibit H to the

Complaint is a true and correct copy of the 1481 Second Response.

        c.      On February 6, 2007, I received a third response from McClean, stating

that the IRS needed additional time to respond to the 1481 FOIA Request, extending the time to

June 15, 2007 (the "1481 Third Response"). Attached as Exhibit I to the Complaint is a true and

correct copy of the 1481 Third Response.

        d.      On March 8, 2007, I notified the IRS that I remained interested in

receiving the records requested but did not consent to the request for additional time (the "1481

Plaintiff Letter"). Attached as Exhibit J to the Complaint is a true and correct copy of the 1481

Plaintiff Letter.

     3.      On October 19, 2006, I filed a request for all documents submitted by any

taxpayer to support or oppose a Market Cap Analysis (the "0085 FOIA Request"). Attached as

Exhibit K to the Complaint is a true and correct copy of the 0085 FOIA Request.

        a.      On December 6, 2006, I received a response from McClean, stating that

the IRS required additional time to respond to the request, extending the time to February 28,

2007 (the "0085 First Response"). Attached as Exhibit L to the Complaint is a true and correct

copy of the 0085 First Response.

        b.      On February 20, 2007, I received a second response from McClean,

stating that the IRS needed additional time to respond to the 0085 FOIA Request, extending the

time to June 22, 2007 (the "0085 Second Response"). Attached as Exhibit M to the Complaint is

a true and correct copy of the 0085 Second Response.

      c.      On March 8, 2007, I notified the IRS that I remained interested in receiving the records requested (the "0085 Plaintiff Letter"). Attached as Exhibit N to the Complaint is a true and correct copy of the 0085 Plaintiff letter.

      4.      On October 17, 2006, I filed a request for documents in which the IRS utilized a foregone profits analysis to value a taxpayer's intangible assets under Proposed Treasury Regulation §1.482-7(g)(4) (the "0086 FOIA Request"). Attached as Exhibit O to the Complaint is a true and correct copy of the 0086 FOIA Request.

      a.      On December 6, 2006, I received a response from McClean, stating that the IRS required additional time to respond to the request, extending the time to February 28, 2007 (the "0086 First Response"). Attached as Exhibit P to the Complaint is a true and correct copy of the 0086 First Response.

      b.      On February 20, 2007, I received a second response from McClean, stating that the IRS needed additional time to respond to the 0086 FOIA Request, extending the time to June 22, 2007 (the "0086 Second Response"). Attached as Exhibit Q to the Complaint is a true and correct copy of the 0086 Second Response.

      c.      On March 8, 2007, I notified the IRS that I remained interested in receiving the records requested (the "0086 Plaintiff Letter"). Attached as Exhibit R to the Complaint is a true and correct copy of the 0086 Plaintiff Letter.

      5.      On October 19, 2006, I filed a request for documents in which the IRS valued a taxpayer's intangible property in connection with a transfer of intangible property under 26 U.S.C. §367(d) and determined goodwill or going concern value were compensable under 26 U.S.C. §367(d) (the "0087 FOIA Request"). Attached as Exhibit S to the Complaint is a true and correct copy of the 0087 FOIA Response.

   a. On December 6, 2006, I received a response from McClean stating that the IRS required additional time to respond to the request, extending the time to February 28, 2007 (the "0087 First Response"). Attached as Exhibit T to the Complaint is a true and correct copy of the 0087 First Response.

   b. On February 20, 2007, I received a second response from McClean stating that the IRS needed additional time to respond to the 0087 FOIA Request, extending the time to June 22, 2007 (the "0087 Second Response"). Attached as Exhibit U to the Complaint is a true and correct copy of the 0087 Second Response.

   c. On March 8, 2007, I notified the IRS that I remained interested in receiving the records requested (the "0087 Plaintiff Letter"). Attached as Exhibit V to the Complaint is a true and correct copy of the 0087 Plaintiff Letter.

  6. On October 30, 2006, I filed a request for documents that were submitted by any consultant or expert engaged or contracted by the IRS to support or oppose a Market Cap Analysis (the "108 FOIA Request"). Attached as Exhibit W to the Complaint is a true and correct copy of the 108 FOIA Request.

   a. On December 13, 2006, I received a response from McClean stating that the IRS required additional time to respond to the request, extending the time to February 28, 2007 (the "108 First Response"). Attached as Exhibit X to the Complaint is a true and correct copy of the 108 First Response.

   b. On February 20, 2007, I received a second response from McClean stating that the IRS needed additional time to respond to the 108 FOIA Request, extending the time to June 22, 2007 (the "108 Second Response"). Attached as Exhibit Y to the Complaint is a true and correct copy of the 108 Second Response.

      c.      On March 8, 2007, I notified the IRS that I remained interested in receiving the records requested (the "108 Plaintiff Letter"). Attached as Exhibit Z to the Complaint is a true and correct copy of the 108 Plaintiff Letter.

      I declare under penalty of perjury that the foregoing is true and correct. Executed in Chicago, Illinois, on April 13, 2007.

Thomas V.M. Linguanti
Baker & McKenzie LLP

**BAKER & McKENZIE**

Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington DC

August 9, 2006

IRS FOIA Request
Headquarters Disclosure Office
CL:GLD:D
1111 Constitution Avenue, NW
Washington, DC 20224

Thomas V.M. Linguanti
Tel: +1 312 861 2623
Fax: +1 312 698 2252
thomas.v.linguanti@bakernet.com

Via Federal Express

RE:    Freedom of Information Act Request

Dear Sir or Madam:

In accordance with the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), and the applicable regulations thereunder (31 C.F.R. §1, et seq. and 26 C.F.R. § 601.702 et seq.), I request copies of all documents maintained by the Internal Revenue Service (the "Service") consisting of internal and external training materials regarding determining or evaluating the market capitalization of a company, in whole or in part, for the purposes of determining the value of its intangible assets (a "Market Cap Analysis") under Section 482 of the Internal Revenue Code (26 U.S.C.). In particular, I request the following:

1.    all documents and materials created by the Service, U.S. Department of Treasury, or any other Federal agency for internal training purposes that are either provided to or used by Service personnel, including, but not limited to, examination agents, appeals officers, Service counsel, economists, or representatives of the Advanced Pricing Agreement program, regarding the Market Cap Analysis under Proposed Treas. Reg. § 1.482-7(g), 70 Fed. Reg. 51115 (Aug. 29, 2005); and

2.    all documents and materials created by "non-governmental third parties" for training purposes that are either provided to or used by Service personnel, including, but not limited to, examination agents, appeals officers, Service counsel, economists, or representatives of the Advanced Pricing Agreement program, regarding the Market Cap Analysis under Proposed Treas. Reg. § 1.482-7(g), 70 Fed. Reg. 51115 (Aug. 29, 2005).

"Non-governmental third parties" means any private person or organization providing training assistance on matters concerning the relevant topic, including, but not limited to, the International Tax Institute, the Financial Valuation Group, Brian Becker, Karen Becker (a.k.a. Karen Witkin), Becker & Associates Consulting, Inc., Precision Economics, LLC, and The Weinberg Group.

For purposes of this request, the term "document" is used expansively and includes, by way of illustration and without limitation, all communications, letters, reports, analyses,

**EXHIBIT A**

**BAKER & McKENZIE**

presentations, memoranda, e-mails, transcripts, minutes, notes, bulletins, worksheets, schedules, notebooks, drawings, photographs, drafts, diaries, calendars, workpapers, telecopies, telexes, or any information stored on optical disc, magnetic tape, microfilm or microfiche, or computer memory storage device.

If it is determined that any requested document or record, or any portion thereof, will not be disclosed, please provide us with the non-exempt documents and records and the non-exempt portions of the remaining documents and records. In the event an exemption is claimed, please provide us with all segregable non-exempt portions of any withheld document or record pursuant to 5 U.S.C. § 552(b). If any material is to be redacted, please "black out" rather than "white out" or "cut out" any portions for which an exemption is claimed.

Pursuant to 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(b), if this request is denied either in part or in whole, please provide us with an index that specifies which exemption(s) is (are) being claimed for each portion of each document withheld. Please provide a detailed description of each document or record withheld, including the author(s) and any recipients, the date of its creation, its subject matter, and its current physical location. In addition, please provide the reason that each document or record falls within the exemption claimed for it. Please also specify the number of pages in each document or record and the total number of pages that are responsive to this request.

As set forth in 5 U.S.C. § 552(a)(6)(A)(i) and Treas. Reg. § 601.702(c)(9)(ii), we would appreciate a response to this request within twenty working days of its receipt. Please send all documents directly to my attention at my law firm.

In accordance with Treas. Reg. § 601.702(f)(3), I attest that I am an "other requester" as defined in Treas. Reg. § 601.702(f)(3)(iii)(E). In accordance with Treas. Reg. § 601.702(c)(3)(viii), we agree to pay reasonable charges incurred to search for and duplicate the requested documents. Once the materials have been assembled, please advise me of the projected copying charges. Please contact me for this purpose or with any other questions at (312) 861-2623 or by fax at (312) 698-2252.

Thank you in advance for your consideration on this matter.

Sincerely,

Thomas V.M. Linguanti



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

October 02, 2006

Thomas V. M. Linguanti
Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601

Re: Case Number:  03-2006-01480 (Market Cap Analysis)

Dear Mr. Linguanti:

This is in reference to your Freedom of Information Act (FOIA) request dated August 09, 2006, and received in our office August 15, 2006. We are unable to respond to your request by 09/13/2006, which is the 20 business-day period prescribed by law. We apologize for any inconvenience this delay may cause. You may expect a response by 10/31/2006.  Since an administrative appeal is limited to a denial of records, it does not apply in this situation. However, you may instead file suit after the statutory time period for response has lapsed.

The FOIA process is not an additional avenue of recourse during administrative tax proceedings; it merely provides access to existing records. Extending the time period for our response to your request has no bearing on any ongoing tax matter such as collection due process procedures or an examination appeal.

## STATUTORY EXTENSION OF TIME FOR RESPONSE

In certain situations the FOIA allows us to invoke an additional ten-day statutory extension. To respond to your request, we require additional time to search for, collect, and review responsive records from other locations. Therefore, we have extended the statutory response date (after which you can file suit), to 10/31/2006, as provided for in the FOIA (5 U.S.C. 552(a)(6)(B)).

## ADDITIONAL EXTENSION OF TIME LIMIT

We realize we will be unable to locate and consider releasing the Internal Revenue Service records covered by your request by the expiration of the statutory period. Therefore, we extended the response date to *10/31/2006*, by which time we reasonably believe we can provide a final response to your request.

**EXHIBIT B**

Mr. Linguanti
Page 2

If you agree to this extension, no reply to this letter is necessary. If we subsequently deny your request, you still have the right to file an administrative appeal. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the individual named below. If you do not agree to an extension beyond the statutory period, and do not want to modify the scope of your request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i) and 26 CFR 601.702(c)(12). You may file suit in the U.S. District Court where you reside or have your principal place of business, where the records are located, or in the District of Columbia.

You may file suit no earlier than 10/31/2006. Your complaint will be treated according to the Federal Rules of Civil Procedure applicable to actions against an agency of the United States. These procedures require that the IRS be notified of the pending suit through service of process, which should be directed to:

> **Commissioner of Internal Revenue**
> **Attention: CC:PA:DPL**
> **1111 Constitution Avenue, NW**
> **Washington, DC 20224**

## CONTACT INFORMATION

If you have any questions regarding this correspondence, you may contact Tax Law Specialist, Regenia Rascoe, ID # 50-05919, by phone at (202) 622-3662 or by mail at: Internal Revenue Service, Governmental Liaison & Disclosure, ATTN: R. Rascoe, Disclosure Office 3-FOIA, 1111 Constitution Avenue, NW, Washington, DC 20224.

Sincerely,

Joan D, McClean
Disclosure Manager, ID# 52-00489
Baltimore Disclosure Office 3 - FOIA



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

November 22, 2006

Thomas V. M. Linguanti
Baker & McKenzie, LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601

Dear Mr. Linguanti:

This is in further response to your Freedom of Information Act (FOIA) request dated August 09, 2006, and received in our office on August 15, 2006.

We wrote to you on October 02, 2006, asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request. If we are unable to respond by January 12, 2007, we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed to search, collect and review the requested records from other locations.

Should you have any questions concerning this correspondence, you may contact Tax Law Specialist Symeria Rascoe, ID#50-05919, by calling (202) 622-3662 or by writing to: Internal Revenue Service, Disclosure Office 3 – FOIA, 1111 Constitution Avenue, NW Washington, DC  20224. Please refer to case number 03-2006-01480.

Sincerely,

Joan D. McClean
Disclosure Manager, ID#52-00489
Baltimore Disclosure Office

**EXHIBIT C**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

February 06, 2007

Thomas V. M. Linguanti
Baker & McKenzie, LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL   60601

Re: Market Cap Analysis

Dear Mr. Linguanti:

This is in further response to your Freedom of Information Act (FOIA) request dated August 09, 2006, and received in our office on August 14, 2006.

We wrote to you on November 22, 2006, asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request. If we are unable to respond by June15, 2007, we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed to search, collect and review the requested records from other locations.

Should you have any questions concerning this correspondence, you may contact Tax Law Specialist Symeria Rascoe, ID#50-05919, by calling (202) 283-1931 or by writing to: Internal Revenue Service, Governmental Liaison & Disclosure, SE:S:CLD:GLD:D3 – FOIA, C2-333 – ATTN: R. Rascoe, 5000 Ellin Road, Lanham, MD   20706. Please refer to case number 03-2007-01480.

Sincerely,

Joan D. McClean
Disclosure Manager, ID#52-00489
Baltimore Disclosure Office

**EXHIBIT D**

# BAKER & MCKENZIE

**Baker & McKenzie LLP**
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

**Asia Pacific**
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

**Europe & Middle East**
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**North & South America**
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

March 8, 2007

Thomas V.M. Linguanti
Tel: +1 312 861 2623
thomas.v.linguanti@bakernet.com

Internal Revenue Service
Government Liaison & Disclosure
SE:S:CLD:GLD:D3-FOIA
C2-333—Attn: R. Rascoe
5000 Ellin Road, NCFB-C2-332
Lanham, MD  20706

RE:     FOIA Request Case No. 03-2007-01480

To Whom It May Concern:

On August 9, 2006, I submitted a request under the Freedom of Information Act for records ("Attachment A"). On October 2, 2006, the Service responded that they required additional time to respond to this request ("Attachment B"). On November 22, 2006, the Service responded a second time that they required additional time to respond ("Attachment C"). By letter dated February 6, 2007, Joan D. McLean, IRS Disclosure Manager (ID#52-00489), advised me that the Service needed additional time to respond to my request ("Attachment D"), extending the time to June 15, 2007. Each letter referred to the case number listed above.

Under Treas. Reg. §601.702(c)(9)(ii), the Service shall make the determination about a FOIA request within 20 days of receipt. Under Treas. Reg. §601.702(c)(11), the Service, under unusual circumstances, may request an extension of time to respond to a FOIA request. I have waited patiently for the IRS to respond to my original August 9, 2006, request. In the event that there is any question, please be advised that my needs have not changed. I remain interested in receiving the records requested in my August 9, 2006, letter and may take further action with the FOIA as appropriate.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Thomas V.M. Linguanti

Attachments

**EXHIBIT E**

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

# BAKER & MCKENZIE

Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juárez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

August 9, 2006

Thomas V.M. Linguanti
Tel: +1 312 861 2623
Fax: +1 312 698 2252
thomas.v.linguanti@bakernet.com

Via Federal Express

IRS FOIA Request
Headquarters Disclosure Office
CL:GLD:D
1111 Constitution Avenue, NW
Washington, DC 20224

RE:    Freedom of Information Act Request

Dear Sir or Madam:

In accordance with the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), and the applicable regulations thereunder (31 C.F.R. §1, et seq. and 26 C.F.R. § 601.702 et seq.), I request copies of all documents maintained by the Internal Revenue Service (the "Service") consisting of internal and external training materials regarding cost sharing arrangements and buy-in computations under Section 482 of the Internal Revenue Code (26 U.S.C.). In particular, I request the following:

1.  all documents and materials created by the Service, U.S. Department of Treasury, or any other Federal agency for internal training purposes that are provided to or used by Service personnel, including, but not limited to, examination agents, appeals officers, Service counsel, economists, or representatives of the Advanced Pricing Agreement program, regarding cost sharing arrangements or buy-in computations under existing and proposed Treas. Reg. § 1.482-7, including Treas. Reg. § 1.482-2(d)(4) (1968), Prop. Treas. Reg. § 1.482-2(g) (1992), Temp. Treas. Reg. § 1.482-7T (1993), and Prop. Treas. Reg. § 1.482-7, 70 Fed. Reg. 51116 (Aug. 29, 2005); and

2.  all documents and materials created by "non-governmental third parties" for training purposes that are either provided to or used by Service personnel, including, but not limited to, examination agents, appeals officers, Service counsel, economists, or representatives of the Advanced Pricing Agreement program, regarding cost sharing arrangements or buy-in computations under existing and proposed Treas. Reg. § 1.482-7, including Treas. Reg. § 1.482-2(d)(4) (1968), Prop. Treas. Reg. § 1.482-2(g) (1992), Temp. Treas. Reg. § 1.482-7T (1993), and Prop. Treas. Reg. § 1.482-7, 70 Fed. Reg. 51116 (Aug. 29, 2005).

"Non-governmental third parties" means any private person or organization providing training assistance on matters concerning the relevant topic, including, but not limited to, the International Tax Institute, the Financial Valuation Group, Brian Becker, Karen Becker (a.k.a. Karen Witkin), Becker & Associates Consulting, Inc., Precision Economics, LLC, and The Weinberg Group.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**EXHIBIT F**

**BAKER & MCKENZIE**

For purposes of this request, the term "document" is used expansively and includes, by way of illustration and without limitation, all communications, letters, reports, analyses, presentations, memoranda, e-mails, transcripts, minutes, notes, bulletins, worksheets, schedules, notebooks, drawings, photographs, drafts, diaries, calendars, workpapers, telecopies, telexes, or any information stored on optical disc, magnetic tape, microfilm or microfiche, or computer memory storage device.

If it is determined that any requested document or record, or any portion thereof, will not be disclosed, please provide us with the non-exempt documents and records and the non-exempt portions of the remaining documents and records. In the event an exemption is claimed, please provide us with all segregable non-exempt portions of any withheld document or record pursuant to 5 U.S.C. § 552(b). If any material is to be redacted, please "black out" rather than "white out" or "cut out" any portions for which an exemption is claimed.

Pursuant to 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(b), if this request is denied either in part or in whole, please provide us with an index that specifies which exemption(s) is (are) being claimed for each portion of each document withheld. Please provide a detailed description of each document or record withheld, including the author(s) and any recipients, the date of its creation, its subject matter, and its current physical location. In addition, please provide the reason that each document or record falls within the exemption claimed for it. Please also specify the number of pages in each document or record and the total number of pages that are responsive to this request.

As set forth in 5 U.S.C. § 552(a)(6)(A)(i) and Treas. Reg. § 601.702(c)(9)(ii), we would appreciate a response to this request within twenty working days of its receipt. Please send all documents directly to my attention at my law firm.

In accordance with Treas. Reg. § 601.702(f)(3), I attest that I am an "other requester" as defined in Treas. Reg. § 601.702(f)(3)(iii)(E). In accordance with Treas. Reg. § 601.702(c)(3)(viii), we agree to pay reasonable charges incurred to search for and duplicate the requested documents. Once the materials have been assembled, please advise me of the projected copying charges. Please contact me for this purpose or with any other questions at (312) 861-2623 or by fax at (312) 698-2252.

Thank you in advance for your consideration on this matter.

Sincerely,

Thomas V.M. Linguanti



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

October 02, 2006

Thomas V. M. Linguanti
Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601

Re: Case Number:  03-2006-01481 (Training Material Cost Sharing/Buy-In
Computations)

Dear Mr. Linguanti:

This is in reference to your Freedom of Information Act (FOIA) request dated August 09, 2006, and received in our office August 15, 2006. We are unable to respond to your request by 09/13/2006, which is the 20 business-day period prescribed by law. We apologize for any inconvenience this delay may cause. You may expect a response by 10/31/2006. Since an administrative appeal is limited to a denial of records, it does not apply in this situation. However, you may instead file suit after the statutory time period for response has lapsed.

The FOIA process is not an additional avenue of recourse during administrative tax proceedings; it merely provides access to existing records. Extending the time period for our response to your request has no bearing on any ongoing tax matter such as collection due process procedures or an examination appeal.

## STATUTORY EXTENSION OF TIME FOR RESPONSE

In certain situations the FOIA allows us to invoke an additional ten-day statutory extension. To respond to your request, we require additional time to search for, collect, and review responsive records from other locations. Therefore, we have extended the statutory response date (after which you can file suit), to 10/31/2006, as provided for in the FOIA (5 U.S.C. 552(a)(6)(B)).

## ADDITIONAL EXTENSION OF TIME LIMIT

We realize we will be unable to locate and consider releasing the Internal Revenue Service records covered by your request by the expiration of the statutory period. Therefore, we extended the response date to *10/31/2006,* by which time we reasonably believe we can provide a final response to your request.

**EXHIBIT G**

Mr. Linguanti
Page 2

If you agree to this extension, no reply to this letter is necessary. If we subsequently deny your request, you still have the right to file an administrative appeal. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the individual named below. If you do not agree to an extension beyond the statutory period, and do not want to modify the scope of your request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i) and 26 CFR 601.702(c)(12). You may file suit in the U.S. District Court where you reside or have your principal place of business, where the records are located, or in the District of Columbia.

You may file suit no earlier than 10/31/2006. Your complaint will be treated according to the Federal Rules of Civil Procedure applicable to actions against an agency of the United States. These procedures require that the IRS be notified of the pending suit through service of process, which should be directed to:

> **Commissioner of Internal Revenue**
> **Attention: CC:PA:DPL**
> **1111 Constitution Avenue, NW**
> **Washington, DC 20224**

CONTACT INFORMATION

If you have any questions regarding this correspondence, you may contact Tax Law Specialist, Regenia Rascoe, ID # 50-05919, by phone at (202) 622-3662 or by mail at: Internal Revenue Service, Governmental Liaison & Disclosure, ATTN: R. Rascoe, Disclosure Office 3-FOIA, 1111 Constitution Avenue, NW, Washington, DC 20224.

Sincerely,

Joan D. McClean
Disclosure Manager, ID# 52-00489
Baltimore Disclosure Office 3 - FOIA



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

November 22, 2006

Thomas V. M. Linguanti
Baker & McKenzie, LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601

Dear Mr. Linguanti:

This is in further response to your Freedom of Information Act (FOIA) request dated August 09, 2006, and received in our office on August 15, 2006.

We wrote to you on October 02, 2006, asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request. If we are unable to respond by January 12, 2007, we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed to search, collect and review the requested records from other locations.

Should you have any questions concerning this correspondence, you may contact Tax Law Specialist Symeria Rascoe, ID#50-05919, by calling (202) 622-3662 or by writing to: Internal Revenue Service, Disclosure Office 3 – FOIA, 1111 Constitution Avenue, NW Washington, DC  20224. Please refer to case number 03-2006-01481.

Sincerely,

Joan D. McClean
Disclosure Manager, ID#52-00489
Baltimore Disclosure Office

**EXHIBIT H**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

February 06, 2007

Thomas V. M. Linguanti
Baker & McKenzie, LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601

Re: Training Material Cost Sharing/Buy –In Computations

Dear Mr. Linguanti:

This is in further response to your Freedom of Information Act (FOIA) request dated August 09, 2006, and received in our office on August 14, 2006.

We wrote to you on November 22, 2006, asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request. If we are unable to respond by June15, 2007, we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed to search, collect and review the requested records from other locations.

Should you have any questions concerning this correspondence, you may contact Tax Law Specialist Symeria Rascoe, ID#50-05919, by calling (202) 283-1931 or by writing to: Internal Revenue Service, Governmental Liaison & Disclosure, SE:S:CLD:GLD:D3 – FOIA, C2-333 – ATTN: R. Rascoe, 5000 Ellin Road, Lanham, MD  20706. Please refer to case number 03-2007-01481.

Sincerely,

Joan D. McClean
Disclosure Manager, ID#52-00489
Baltimore Disclosure Office

**EXHIBIT I**

# BAKER & McKENZIE

**Baker & McKenzie LLP**
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

**Asia Pacific**
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

**Europe & Middle East**
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**North & South America**
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

March 8, 2007

Thomas V.M. Linguanti
Tel: +1 312 861 2623
thomas.v.m.linguanti@bakernet.com

Internal Revenue Service
Government Liaison & Disclosure
SE:S:CLD:GLD:D3-FOIA
C2-333—Attn:  R. Rascoe
5000 Ellin Road, NCFB-C2-332
Lanham, MD  20706

RE:     FOIA Request Case No. 03-2007-01481

To Whom It May Concern:

On August 9, 2006, I submitted a request under the Freedom of Information Act for records ("Attachment A").  On October 2, 2006, the Service responded that they required additional time to respond to this request ("Attachment B").  On November 22, 2006, the Service responded a second time that they required additional time to respond ("Attachment C").  By letter dated February 6, 2007, Joan D. McLean, IRS Disclosure Manager (ID#52-00489), advised me that the Service needed additional time to respond to my request ("Attachment D"), extending the time to June 15, 2007.  Each letter referred to the case number listed above.

Under Treas. Reg. §601.702(c)(9)(ii), the Service shall make the determination about a FOIA request within 20 days of receipt.  Under Treas. Reg. §601.702(c)(11), the Service, under unusual circumstances, may request an extension of time to respond to a FOIA request.  I have waited patiently for the IRS to respond to my original August 9, 2006, request.  In the event that there is any question, please be advised that my needs have not changed.  I remain interested in receiving the records requested in my August 9, 2006, letter and may take further action in accordance with the FOIA as appropriate.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Thomas V.M. Linguanti

Attachments

**EXHIBIT J**

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**BAKER & McKENZIE**

Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

October 19, 2006

IRS FOIA Request
Headquarters Disclosure Office
Attn: CL:GLD:D
P.O. Box 7604
1111 Constitution Avenue, N.W.
Washington, D.C. 20224

Thomas V.M. Linguanti
Tel: +1 312 861 2623
Fax: +1 312 698 2252
thomas.v.linguanti@bakernet.com

VIA FEDERAL EXPRESS

RE:    Freedom of Information Act Request: Taxpayers' Support or Opposition to IRS
Use of Market Cap Analysis

Dear Sir or Madam:

In accordance with the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, I request access to, and copies of, all documents maintained by the Internal Revenue Service (the "IRS") in connection with any taxpayer examination, administrative appeal, litigation, or advance pricing agreement in which the IRS is or was an interested party that were submitted by any taxpayer to support or oppose any analysis that utilized or otherwise considered the market capitalization value of the taxpayer for the purposes of determining, in whole or in part, the value of the taxpayer's intangible assets (a "Market Cap Analysis").

In particular, I request copies of the following items whether maintained in electronic or hardcopy format:

1.   any writing, memoranda, document, report, economic analysis, financial analysis, quantitative analysis, spreadsheet, transfer pricing analysis, summary, model, simulation or other deliverable, whether formal or informal, prepared by any taxpayer related to or referencing any support or opposition to any taxpayer's Market Cap Analysis; and

2.   all communications between any taxpayer and/or the IRS regarding any taxpayer's Market Cap Analysis.

For purposes of this request, the term "document" is used expansively and includes, by way of illustration and without limitation, all communications, letters, reports, analyses, memoranda, e-mails, transcripts, minutes, notes, bulletins, worksheets, schedules, notebooks, drawings, photographs, drafts, diaries, calendars, workpapers, telecopies, telexes, or any information stored on optical disc, magnetic tape, microfilm or microfiche, or computer memory storage device. The term "document" also refers to any draft or prior version of a document responsive to this request, regardless of whether a Market Cap Analysis was ultimately adopted by the taxpayer. Drafts include, but are not limited to, any models or simulations.

**EXHIBIT K**

BAKER & McKENZIE

I anticipate that the requested documents may contain confidential taxpayer return information that is exempt from disclosure under 5 U.S.C. §552(b)(3) and I.R.C. §6103. If it is determined that any requested document or record, or any portion thereof, will not be disclosed, please provide us with the non-exempt documents and records and with the non-exempt portions of the remaining documents and records. In the event an exemption is claimed, please provide us with all segregable non-exempt portions of any withheld document or record pursuant to 5 U.S.C. §552(b). When material is to be redacted, please "black out" rather than "white out" or "cut out" any portions for which an exemption is claimed.

If records responsive to this request have been destroyed, please identify the documents destroyed, the date of destruction, and the person who destroyed the document.

Pursuant to 5 U.S.C. §§552(a)(6)(A)(i) and 552(b), if this request is denied either in part or in whole, please provide us with an index that specifies which exemption(s) is (are) being claimed for each portion of each document withheld. Please provide a detailed description of each document or record withheld, including the author(s) and any recipients, the date of its creation, its subject matter, and its current physical location. In addition, please provide the reason that each document or record falls within the exemption claimed for it. Please also specify the number of pages in each document or record and the total number of pages that are responsive to this request. Such an index is required to allow us to evaluate the IRS's claims that these documents are exempt from disclosure. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974); *Church of Scientology v. IRS*, 793 F.2d 146 (D.C. Cir. 1986) (en banc), *aff'd*, 484 U.S. 9 (1987); *Osborne v. IRS*, 754 F.2d 195 (6th Cir. 1985); *White v. IRS*, 707 F.2d 897 (6th Cir. 1983) (quoting *Church of Scientology v. Bell*, 603 F.2d 945 (D.C. Cir. 1979)); *Brooks v. IRS*, 80 AFTR 97-5324 (E.D. Cal. 1997) (citing *Weiner v. FBI*, 943 F.2d 972 (9th Cir. 1991)).

In accordance with Treas. Reg. §601.702(c)(3)(viii), I agree to pay reasonable charges incurred to search for and duplicate the requested documents. Once the materials have been assembled, please advise me of the projected copying charges.

My name, address and telephone number are as follows:

  Thomas V.M. Linguanti
  Baker & McKenzie LLP
  130 East Randolph Drive
  Chicago, Illinois 60601-6384
  Telephone: (312) 861-2623

In accordance with Treas. Reg. §601.702(f)(3), I attest that I am an "other requester" as defined in Treas. Reg. §601.702(f)(3)(iii)(E). As set forth in 5 U.S.C. §522(a)(6)(A)(i), 31 C.F.R. §1.5(h), and Treas. Reg. §601.702(c)(9)(ii), I would appreciate a response to this request within twenty (20) working days of its receipt.

**BAKER & MCKENZIE**

Please address the requested records to the address set forth above.  If you have any questions concerning this request or require further identifying information, please contact me at (312) 861-2623.

Thank you in advance for your consideration on this matter.

Sincerely,

Thomas V.M. Linguanti

TVML/mm



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

December 06, 2006

Thomas V. M. Linguanti
Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601

Re:  Info re Market Cap Analysis

Dear Mr. Linguanti:

This is in reference to your Freedom of Information Act request dated October 19, 2006, and received in our office November 08, 2006.  We are unable to respond to your request by 12/08/2006, which is the 20 business-day period prescribed by law. We apologize for any inconvenience this delay may cause. You may expect a response by 02/28/2007.  Since an administrative appeal is limited to a denial of records, it does not apply in this situation. However, you may instead file suit after the statutory time period for response has lapsed.

The FOIA process is not an additional avenue of recourse during administrative tax proceedings; it merely provides access to existing records. Extending the time period for our response to your request has no bearing on any ongoing tax matter such as collection due process procedures or an examination appeal.

## STATUTORY EXTENSION OF TIME FOR RESPONSE

In certain situations the FOIA allows us to invoke an additional ten-day statutory extension. To respond to your request, we require additional time to search for, collect, and review responsive records from other locations. Therefore, we have extended the statutory response date (after which you can file suit), to 02/28/2007, as provided for in the FOIA (5 U.S.C. 552(a)(6)(B)).

## ADDITIONAL EXTENSION OF TIME LIMIT

We realize we will be unable to locate and consider releasing the Internal Revenue Service records covered by your request by the expiration of the statutory period. Therefore, we extended the response date to *02/28/2007*, by

EXHIBIT L

Mr. Linguanti
Page 2

which time we reasonably believe we can provide a final response to your request.

If you agree to this extension, no reply to this letter is necessary. If we subsequently deny your request, you still have the right to file an administrative appeal. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the individual named below. If you do not agree to an extension beyond the statutory period, and do not want to modify the scope of your request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i) and 26 CFR 601.702(c)(12). You may file suit in the U.S. District Court where you reside or have your principal place of business, where the records are located, or in the District of Columbia.

You may file suit no earlier than 02/28/2007. Your complaint will be treated according to the Federal Rules of Civil Procedure applicable to actions against an agency of the United States. These procedures require that the IRS be notified of the pending suit through service of process, which should be directed to:

> Commissioner of Internal Revenue
> Attention: CC:PA:DPL
> 1111 Constitution Avenue, NW
> Washington, DC 20224

## CONTACT INFORMATION

If you have any questions regarding this correspondence, you may contact Tax Law Specialist, Regenia Rascoe, ID # 50-05919, by phone at (202) 622-3662 or by mail at: Internal Revenue Service, Governmental Liaison & Disclosure, ATTN: R. Rascoe, Disclosure Office 3-FOIA, 1111 Constitution Avenue, NW, Washington, DC 20224. Please refer to case number 03-2007-00085.

Sincerely,

Joan D. McClean
Disclosure Manager, ID# 52-00489
Baltimore Disclosure Office 3 - FOIA



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

February 20, 2007

Thomas V. M. Linguanti
Baker & Mckenzie, LLP
One Prudential Plaza – Suite 3500
130 East Randolph Drive
Chicago, IL   60601

Re: Market Cap Analysis

Dear Mr. Linguanti:

This is in further response to your Freedom of Information Act (FOIA) request dated October 19, 2006, and received in our office November 08, 2006.

We wrote to you on December 06, 2006, asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request and to obtain the requested information from the Office of Chief Counsel. We have been unable to obtain an estimated completion date.

If we are unable to respond by June 22, 2007, we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed to search, collect and review the requested records from other locations.

Should you have any questions concerning this correspondence, you may contact Tax Law Specialist, Symeria Rascoe, ID#50-05919, by calling (202) 283-1931 or by writing to: Internal Revenue Service, Governmental Liaison & Disclosure, SE:S:CLD:GLD:D3 – FOIA, C2-333 – ATTN: R. Rascoe, 5000 Ellin Road, Lanham, MD   20706.  Please refer to case number 03-2007-00085.

Sincerely,

Joan D. McClean
Disclosure Manager, ID#52-00489
Baltimore Disclosure Office

**EXHIBIT M**

# BAKER & McKENZIE

Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

March 8, 2007

Thomas V.M. Linguanti
Tel: +1 312 861 2623
thomas.v.linguanti@bakernet.com

Internal Revenue Service
Government Liaison & Disclosure
SE:S:CLD:GLD:D3-FOIA
C2-333—Attn: R. Rascoe
5000 Ellin Road, NCFB-C2-332
Lanham, MD 20706

RE:     FOIA Request Case No. 03-2007-00085

To Whom It May Concern:

On October 19, 2006, I submitted a request under the Freedom of Information Act for records ("Attachment A"). On December 6, 2006, the Service responded that they required additional time to respond to this request ("Attachment B"). By letter dated February 20, 2007, Joan D. McLean, IRS Disclosure Manager (ID#52-00489), advised me that the Service needed additional time to respond to my request ("Attachment C"), extending the time to June 22, 2007. Each letter referred to the case number listed above.

Under Treas. Reg. §601.702(c)(9)(ii), the Service shall make the determination about a FOIA request within 20 days of receipt. Under Treas. Reg. §601.702(c)(11), the Service, under unusual circumstances, may request an extension of time to respond to a FOIA request. I have waited patiently for the IRS to respond to my original October 19, 2006, request. In the event that there is any question, please be advised that my needs have not changed. I remain interested in receiving the records requested in my October 19, 2006, letter and may take further action in accordance with the FOIA as appropriate.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Thomas V.M. Linguanti

Attachments

**EXHIBIT N**

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**BAKER & McKENZIE**

Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

October 17, 2006

IRS FOIA Request
Headquarters Disclosure Office
CL:GLD:D
1111 Constitution Avenue, NW
Washington, DC 20224

Thomas V.M. Linguanti
Tel: +1 312 861 2623
Fax: +1 312 698 2252
thomas.v.linguanti@bakernet.com

Via Federal Express

RE:    Freedom of Information Act Request: Foregone Profits

Dear Sir or Madam:

In accordance with the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), and the applicable regulations thereunder (31 C.F.R. §1, et seq. and 26 C.F.R. § 601.702 et seq.), I request copies of all documents maintained by the Internal Revenue Service (the "Service") in connection with any taxpayer examination, administrative appeal, litigation or advance pricing agreement in which the IRS is or was an interested party that utilize a "foregone profits analysis" to value intangible assets. A "foregone profits analysis" for the purposes of this request utilizes the income method as described in Prop. Treas. Reg. § 1.482-7(g)(4) to value intangible assets but only to the extent that it reaches a result similar to Prop. Treas. Reg. § 1.482-7(g)(4)(ii)(B)(Example ii) (allocation of one hundred-percent of future residual profits charged as a royalty to the licensor in perpetuity).

In particular, I request copies of the following items whether maintained in electronic or hardcopy format:

1.  all documents and materials, including expert reports and other analyses, created by the Service, U.S. Department of Treasury, or any other Federal agency utilizing a foregone profits analysis to value intangible assets;

2.  all documents and materials, including expert reports and other analyses, created by "non-governmental third parties" that were relied on by the Service, U.S. Department of Treasury, or any other Federal agency utilizing a foregone profits analysis to value intangible assets;

3.  all documents and materials, including expert reports and other analyses, created by taxpayers or their advisers and submitted to the Service, U.S. Department of Treasury, or any other Federal agency utilizing a foregone profits analysis to value intangible assets;

4.  all documents and materials, including expert reports and other analyses, created by the Service, U.S. Department of Treasury, or any other Federal agency that address the proper formula to calculate foregone profits including but not limited to the

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**EXHIBIT O**

**BAKER & McKENZIE**

proper growth rates or discount rates to use in a foregone profits analysis to value intangible assets;

5.  all documents and materials, including expert reports and other analyses, created by "non-governmental third parties" that were relied on by the Service, U.S. Department of Treasury, or any other Federal agency that address the proper formula to calculate foregone profits including but not limited to the proper growth rates or discount rates to use in a foregone profits analysis to value intangible assets; and

6.  all documents and materials, including expert reports and other analyses, created by taxpayers or their advisers and submitted to the Service, U.S. Department of Treasury, or any other Federal agency that address the proper formula to calculate foregone profits including but not limited to the proper growth rates or discount rates to use in a foregone profits analysis to value intangible assets.

"Non-governmental third parties" include any private person or organization providing training assistance on matters concerning the relevant topic, including, but not limited to, the International Tax Institute, the Financial Valuation Group, Brian Becker, Karen Becker (a.k.a. Karen Witkin), Becker & Associates Consulting, Inc., Precision Economics, LLC, and The Weinberg Group.

For purposes of this request, the term "document" is used expansively and includes, by way of illustration and without limitation, all communications, letters, reports, analyses, presentations, memoranda, e-mails, transcripts, minutes, notes, bulletins, worksheets, schedules, notebooks, drawings, photographs, drafts, diaries, calendars, workpapers, telecopies, telexes, or any information stored on optical disc, magnetic tape, microfilm or microfiche, or computer memory storage device. The term "document" also refers to any draft or prior version of a document responsive to this request.

I anticipate that the requested documents may contain confidential taxpayer return information that is exempt from disclosure under 5 U.S.C. § 552(b)(3) and I.R.C. § 6103. If it is determined that any requested document or record, or any portion thereof, will not be disclosed, please provide us with the non-exempt documents and records and with the non-exempt portions of the remaining documents and records. In the event an exemption is claimed, please provide us with all segregable non-exempt portions of any withheld document or record pursuant to 5 U.S.C. § 552(b). When material is to be redacted, please "black out" rather than "white out" or "cut out" any portions for which an exemption is claimed. If records responsive to this request have been destroyed, please identify the documents destroyed, the date of destruction, and the person who destroyed the document.

Pursuant to 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(b), if this request is denied either in part or in whole, please provide us with an index that specifies which exemption(s) is (are) being claimed for each portion of each document withheld. Please provide a detailed description

BAKER & McKENZIE

of each document or record withheld, including the author(s) and any recipients, the date of its creation, its subject matter, and its current physical location. In addition, please provide the reason that each document or record falls within the exemption claimed for it. Please also specify the number of pages in each document or record and the total number of pages that are responsive to this request.

As set forth in 5 U.S.C. § 552(a)(6)(A)(i) and Treas. Reg. § 601.702(c)(9)(ii), I would appreciate a response to this request within twenty working days of its receipt. Please send all documents directly to my attention at my law firm.

In accordance with Treas. Reg. § 601.702(f)(3), I attest that I am an "other requester" as defined in Treas. Reg. § 601.702(f)(3)(iii)(E). In accordance with Treas. Reg. § 601.702(c)(3)(viii), I agree to pay reasonable charges incurred to search for and duplicate the requested documents. Once the materials have been assembled, please advise me of the projected copying charges. Please contact me for this purpose or with any other questions at (312) 861-2623 or by fax at (312) 698-2252.

Thank you in advance for your consideration on this matter.

Sincerely,

Thomas V.M. Linguanti

IRS FOIA Request



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

December 06, 2006

Thomas V. M. Linguanti
Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601

Re:  Info re Foregone Profits Analysis

Dear Mr. Linguanti:

This is in reference to your Freedom of Information Act request dated October 17, 2006, and received in our office November 08, 2006.  We are unable to respond to your request by 12/08/2006, which is the 20 business-day period prescribed by law. We apologize for any inconvenience this delay may cause. You may expect a response by 02/28/2007.  Since an administrative appeal is limited to a denial of records, it does not apply in this situation. However, you may instead file suit after the statutory time period for response has lapsed.

The FOIA process is not an additional avenue of recourse during administrative tax proceedings; it merely provides access to existing records. Extending the time period for our response to your request has no bearing on any ongoing tax matter such as collection due process procedures or an examination appeal.

## STATUTORY EXTENSION OF TIME FOR RESPONSE

In certain situations the FOIA allows us to invoke an additional ten-day statutory extension. To respond to your request, we require additional time to search for, collect, and review responsive records from other locations. Therefore, we have extended the statutory response date (after which you can file suit), to 02/28/2007, as provided for in the FOIA (5 U.S.C. 552(a)(6)(B)).

## ADDITIONAL EXTENSION OF TIME LIMIT

We realize we will be unable to locate and consider releasing the Internal Revenue Service records covered by your request by the expiration of the statutory period. Therefore, we extended the response date to 02/28/2007, by

**EXHIBIT P**

Mr. Linguanti
Page 2

which time we reasonably believe we can provide a final response to your request.

If you agree to this extension, no reply to this letter is necessary. If we subsequently deny your request, you still have the right to file an administrative appeal. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the individual named below. If you do not agree to an extension beyond the statutory period, and do not want to modify the scope of your request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i) and 26 CFR 601.702(c)(12). You may file suit in the U.S. District Court where you reside or have your principal place of business, where the records are located, or in the District of Columbia.

You may file suit no earlier than 02/28/2007. Your complaint will be treated according to the Federal Rules of Civil Procedure applicable to actions against an agency of the United States. These procedures require that the IRS be notified of the pending suit through service of process, which should be directed to:

> Commissioner of Internal Revenue
> Attention: CC:PA:DPL
> 1111 Constitution Avenue, NW
> Washington, DC 20224

## CONTACT INFORMATION

If you have any questions regarding this correspondence, you may contact Tax Law Specialist, Regenia Rascoe, ID # 50-05919, by phone at (202) 622-3662 or by mail at: Internal Revenue Service, Governmental Liaison & Disclosure, ATTN: R. Rascoe, Disclosure Office 3-FOIA, 1111 Constitution Avenue, NW, Washington, DC  20224.  Please refer to case number 03-2007-00086.

Sincerely,

Joan D, McClean
Disclosure Manager, ID# 52-00489
Baltimore Disclosure Office 3 - FOIA



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

February 20, 2007

Thomas V. M. Linguanti
Baker & Mckenzie, LLP
One Prudential Plaza – Suite 3500
130 East Randolph Drive
Chicago, IL  60601

Re: Foregone Profile Analysis

Dear Mr. Linguanti:

This is in further response to your Freedom of Information Act (FOIA) request dated October 17, 2006, and received in our office November 08, 2006.

We wrote to you on December 06, 2006, asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request and to obtain the requested information from the Office of Chief Counsel. We have been unable to obtain an estimated completion date.

If we are unable to respond by June 22, 2007, we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed to search, collect and review the requested records from other locations.

Should you have any questions concerning this correspondence, you may contact Tax Law Specialist, Symeria Rascoe, ID#50-05919, by calling (202) 283-1931 or by writing to: Internal Revenue Service, Governmental Liaison & Disclosure, SE:S:CLD:GLD:D3 – FOIA, C2-333 – ATTN: R. Rascoe, 5000 Ellin Road, Lanham, MD  20706. Please refer to case number 03-2007-00086.

Sincerely,

Joan D. McClean
Disclosure Manager, ID#52-00489
Baltimore Disclosure Office

**EXHIBIT Q**

**BAKER & MCKENZIE**

Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

March 8, 2007

Thomas V.M. Linguanti
Tel: +1 312 861 2623
thomas.v.linguanti@bakernet.com

Internal Revenue Service
Government Liaison & Disclosure
SE:S:CLD:GLD:D3-FOIA
C2-333—Attn: R. Rascoe
5000 Ellin Road, NCFB-C2-332
Lanham, MD 20706

RE:     FOIA Request Case No. 03-2007-00086

To Whom It May Concern:

On October 17, 2006, I submitted a request under the Freedom of Information Act for records ("Attachment A"). On December 6, 2006, the Service responded that they required additional time to respond to this request ("Attachment B"). By letter dated February 20, 2007, Joan D. McLean, IRS Disclosure Manager (ID#52-00489), advised me that the Service needed additional time to respond to my request ("Attachment C"), extending the time to June 22, 2007. Each letter referred to the case number listed above.

Under Treas. Reg. §601.702(c)(9)(ii), the Service shall make the determination about a FOIA request within 20 days of receipt. Under Treas. Reg. §601.702(c)(11), the Service, under unusual circumstances, may request an extension of time to respond to a FOIA request. I have waited patiently waited for the IRS to respond to my original October 17, 2006, request. In the event that there is any question, please be advised that my needs have not changed. I remain interested in receiving the records requested in my October 17, 2006, letter and may take further action in accordance with the FOIA as appropriate.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Thomas V.M. Linguanti

Attachments

**EXHIBIT R**

**BAKER & MCKENZIE**

Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

October 19, 2006

IRS FOIA Request
Headquarters Disclosure Office
CL:GLD:D
1111 Constitution Avenue, NW
Washington, DC 20224

Thomas V.M. Linguanti
Tel: +1 312 861 2623
Fax: +1 312 698 2252
thomas.v.linguanti@bakernet.com

**Via Federal Express**

RE:      Freedom of Information Act Request: Valuations under I.R.C. § 367(d)

Dear Sir or Madam:

In accordance with the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), and the applicable regulations thereunder (31 C.F.R. §1, et seq. and 26 C.F.R. § 601.702 et seq.), I request copies of all documents maintained by the Internal Revenue Service (the "Service") in connection with any taxpayer examination, administrative appeal, litigation or advance pricing agreement in which the IRS is or was an interested party that valued a taxpayer's intangible property in connection with a transfer of intangible property under I.R.C. § 367(d) and that determined that goodwill or going concern value were compensable intangibles under I.R.C. § 367(d).

In particular, I request copies of the following items whether maintained in electronic or hardcopy format:

1.   all documents and materials, including expert reports and other analyses, created by the Service, U.S. Department of Treasury, or any other Federal agency valuing a taxpayer's transfer of intangible property under I.R.C. § 367(d);

2.   all documents and materials, including expert reports and other analyses, created by "non-governmental third parties" that were relied on by the Service, U.S. Department of Treasury, or any other Federal agency valuing a taxpayer's transfer of intangible property under I.R.C. § 367(d); and

3.   all documents and materials, including expert reports and other analyses, created by taxpayers or their advisers and submitted to the Service, U.S. Department of Treasury, or any other Federal agency valuing a taxpayer's transfer of intangible property under I.R.C. § 367(d).

"Non-governmental third parties" include any private person or organization, including, but not limited to, the International Tax Institute, the Financial Valuation Group, Brian Becker, Karen Becker (a.k.a. Karen Witkin), Becker & Associates Consulting, Inc., Precision Economics, LLC, and The Weinberg Group.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**EXHIBIT S**

**BAKER & McKENZIE**

For purposes of this request, the term "document" is used expansively and includes, by way of illustration and without limitation, all communications, letters, reports, analyses, presentations, memoranda, e-mails, transcripts, minutes, notes, bulletins, worksheets, schedules, notebooks, drawings, photographs, drafts, diaries, calendars, workpapers, telecopies, telexes, or any information stored on optical disc, magnetic tape, microfilm or microfiche, or computer memory storage device. The term "document" also refers to any draft or prior version of a document responsive to this request.

I anticipate that the requested documents may contain confidential taxpayer return information that is exempt from disclosure under 5 U.S.C. § 552(b)(3) and I.R.C. § 6103. If it is determined that any requested document or record, or any portion thereof, will not be disclosed, please provide us with the non-exempt documents and records and with the non-exempt portions of the remaining documents and records. In the event an exemption is claimed, please provide us with all segregable non-exempt portions of any withheld document or record pursuant to 5 U.S.C. § 552(b). When material is to be redacted, please "black out" rather than "white out" or "cut out" any portions for which an exemption is claimed. If records responsive to this request have been destroyed, please identify the documents destroyed, the date of destruction, and the person who destroyed the document.

Pursuant to 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(b), if this request is denied either in part or in whole, please provide us with an index that specifies which exemption(s) is (are) being claimed for each portion of each document withheld. Please provide a detailed description of each document or record withheld, including the author(s) and any recipients, the date of its creation, its subject matter, and its current physical location. In addition, please provide the reason that each document or record falls within the exemption claimed for it. Please also specify the number of pages in each document or record and the total number of pages that are responsive to this request.

As set forth in 5 U.S.C. § 552(a)(6)(A)(i) and Treas. Reg. § 601.702(c)(9)(ii), I would appreciate a response to this request within twenty working days of its receipt. Please send all documents directly to my attention at my law firm.

In accordance with Treas. Reg. § 601.702(f)(3), I attest that I am an "other requester" as defined in Treas. Reg. § 601.702(f)(3)(iii)(E). In accordance with Treas. Reg. § 601.702(c)(3)(viii), I agree to pay reasonable charges incurred to search for and duplicate the requested documents. Once the materials have been assembled, please advise me of the projected copying charges. Please contact me for this purpose or with any other questions at (312) 861-2623 or by fax at (312) 698-2252.

**BAKER & M^cKENZIE**

Thank you in advance for your consideration on this matter.

Sincerely,

Thomas V.M. Linguanti



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

December 06, 2006

Thomas V. M. Linguanti
Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL   60601

Re:  Info re Transfer of Intangible Property

Dear Mr. Linguanti:

This is in reference to your Freedom of Information Act request dated October 19, 2006, and received in our office November 08, 2006. We are unable to respond to your request by 12/08/2006, which is the 20 business-day period prescribed by law. We apologize for any inconvenience this delay may cause. You may expect a response by 02/28/2007. Since an administrative appeal is limited to a denial of records, it does not apply in this situation. However, you may instead file suit after the statutory time period for response has lapsed.

The FOIA process is not an additional avenue of recourse during administrative tax proceedings; it merely provides access to existing records. Extending the time period for our response to your request has no bearing on any ongoing tax matter such as collection due process procedures or an examination appeal.

## STATUTORY EXTENSION OF TIME FOR RESPONSE

In certain situations the FOIA allows us to invoke an additional ten-day statutory extension. To respond to your request, we require additional time to search for, collect, and review responsive records from other locations. Therefore, we have extended the statutory response date (after which you can file suit), to 02/28/2007, as provided for in the FOIA (5 U.S.C. 552(a)(6)(B)).

## ADDITIONAL EXTENSION OF TIME LIMIT

We realize we will be unable to locate and consider releasing the Internal Revenue Service records covered by your request by the expiration of the statutory period. Therefore, we extended the response date to *02/28/2007*, by

**EXHIBIT T**

Mr. Linguanti
Page 2

which time we reasonably believe we can provide a final response to your
request.

If you agree to this extension, no reply to this letter is necessary. If we
subsequently deny your request, you still have the right to file an administrative
appeal. You may wish to consider limiting the scope of your request so that we
can process it more quickly. If you want to limit your request, please contact the
individual named below. If you do not agree to an extension beyond the statutory
period, and do not want to modify the scope of your request, you may file suit.
See 5 U.S.C. 552(a)(6)(C)(i) and 26 CFR 601.702(c)(12). You may file suit in the
U.S. District Court where you reside or have your principal place of business,
where the records are located, or in the District of Columbia.

You may file suit no earlier than 02/28/2007. Your complaint will be treated
according to the Federal Rules of Civil Procedure applicable to actions against
an agency of the United States. These procedures require that the IRS be
notified of the pending suit through service of process, which should be directed
to:

> **Commissioner of Internal Revenue**
> **Attention: CC:PA:DPL**
> **1111 Constitution Avenue, NW**
> **Washington, DC 20224**

## CONTACT INFORMATION

If you have any questions regarding this correspondence, you may contact Tax
Law Specialist, Regenia Rascoe, ID # 50-05919, by phone at (202) 622-3662 or
by mail at: Internal Revenue Service, Governmental Liaison & Disclosure, ATTN:
R. Rascoe, Disclosure Office 3-FOIA, 1111 Constitution Avenue, NW,
Washington, DC 20224. Please refer to case number 03-2007-00087.

Sincerely,

Joan D. McClean
Disclosure Manager, ID# 52-00489
Baltimore Disclosure Office 3 - FOIA



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

February 20, 2007

Thomas V. M. Linguanti
Baker & Mckenzie, LLP
One Prudential Plaza – Suite 3500
130 East Randolph Drive
Chicago, IL   60601

Re: Transfer of Intangible Property

Dear Mr. Linguanti:

This is in further response to your Freedom of Information Act (FOIA) request dated October 19, 2006, and received in our office November 08, 2006.

We wrote to you on December 06, 2006, asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request and to obtain the requested information from the Office of Chief Counsel. We have been unable to obtain an estimated completion date.

If we are unable to respond by June 22, 2007, we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed to search, collect and review the requested records from other locations.

Should you have any questions concerning this correspondence, you may contact Tax Law Specialist, Symeria Rascoe, ID#50-05919, by calling (202) 283-1931 or by writing to: Internal Revenue Service, Governmental Liaison & Disclosure, SE:S:CLD:GLD:D3 – FOIA, C2-333 – ATTN: R. Rascoe, 5000 Ellin Road, Lanham, MD   20706. Please refer to case number 03-2007-00087.

Sincerely,

Joan D. McClean
Disclosure Manager, ID#52-00489
Baltimore Disclosure Office

**EXHIBIT U**

**BAKER & McKENZIE**

Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

March 8, 2007

Thomas V.M. Linguanti
Tel: +1 312 861 2623
thomas.v.linguanti@bakernet.com

Internal Revenue Service
Government Liaison & Disclosure
SE:S:CLD:GLD:D3-FOIA
C2-333—Attn:  R. Rascoe
5000 Ellin Road, NCFB-C2-332
Lanham, MD  20706

RE:     FOIA Request Case No. 03-2007-00087

To Whom It May Concern:

On October 19, 2006, I submitted a request under the Freedom of Information Act for records ("Attachment A").  On December 6, 2006, the Service responded that they required additional time to respond to this request ("Attachment B").  By letter dated February 20, 2007, Joan D. McLean, IRS Disclosure Manager (ID#52-00489), advised me that the Service needed additional time to respond to my request ("Attachment C"), extending the time to June 22, 2007.  Each letter referred to the case number listed above.

Under Treas. Reg. §601.702(c)(9)(ii), the Service shall make the determination about a FOIA request within 20 days of receipt.  Under Treas. Reg. §601.702(c)(11), the Service, under unusual circumstances, may request an extension of time to respond to a FOIA request.  I have waited patiently for the IRS to respond to my original October 19, 2006, request.  In the event that there is any question, please be advised that my needs have not changed.  I remain interested in receiving the records requested in my October 19, 2006, letter and may take further action in accordance with the FOIA as appropriate.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Thomas V.M. Linguanti

Attachments

**EXHIBIT V**

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**BAKER & McKENZIE**

Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

October 30, 2006

IRS FOIA Request
Headquarters Disclosure Office
Attn: CL:GLD:D
P.O. Box 7604
1111 Constitution Avenue, N.W.
Washington, D.C. 20224

Thomas V.M. Linguanti
Tel: +1 312 861 2623
Fax: +1 312 698 2252
thomas.v.linguanti@bakernet.com

VIA FEDERAL EXPRESS

RE:    Freedom of Information Act Request: Internal or External Consultants that Support or Oppose Market Capitalization Analysis

Dear Sir or Madam:

In accordance with the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, I request access to, and copies of, all documents maintained by the Internal Revenue Service (the "IRS") in connection with any taxpayer examination, administrative appeal, litigation or advance pricing agreement in which the IRS is or was an interested party that were submitted by any consultant or expert engaged or contracted by the IRS to support, or oppose, any analysis that utilized, or otherwise considered, the market capitalization value of a company for the purposes of determining, in whole or in part, the value of its intangible assets (a "Market Cap Analysis").

This request should be construed to include any (i) analysis of whether controlled transactions satisfy the arm's length standard under I.R.C. § 482 as discussed in I.R.M. 4.61.3 ("Development of IRS Section 482 Cases") or (ii) other valuation assistance as discussed in I.R.M. 8.18.1 ("Valuation Assistance Procedures") utilizing a Market Cap Analysis, in connection with any taxpayer examination, administrative appeal, litigation, or advance pricing agreement.

Specifically, I request documents arising from any reports or analysis prepared by the following categories of persons:

1.  Any non-IRS employee acting as an expert or consultant that used or considered a Market Cap Analysis, including any company or entity with which any expert or consultant has been affiliated, including such company's officers, employees and contractors (collectively, the "Outside Consultants"); and

2.  Any IRS employee acting as an internal expert or consultant that used or considered a Market Cap Analysis, including but not limited to internal valuation specialists for IRS Appeals Appraisal Services as discussed in Internal Revenue Manual (the "I.R.M.") 8.18.1.1 (collectively, the "Internal Consultants").

**EXHIBIT W**

BAKER & McKENZIE

Thus, with respect to any Outside Consultant or Inside Consultant, I request copies of the following items whether maintained in electronic or hardcopy format:

1. any writing, memoranda, document, report, economic analysis, financial analysis, quantitative analysis, spreadsheet, transfer pricing analysis, summary, model, simulation or other deliverable, whether formal or informal, prepared at the request of the IRS as related to or referencing any taxpayer's Market Cap Analysis;

2. all supporting workpapers or research notes, including all data analyzed or reviewed in undertaking a project preparing any taxpayer Market Cap Analysis, irrespective of whether these documents were incorporated into a final report;

3. all communications with the IRS regarding any taxpayer Market Cap Analysis;

4. a list or a copy of all documents and instructions provided by the IRS in connection with any taxpayer Market Cap Analysis; and

5. any memoranda, documents, report, writings, notes, contact sheets, purchase orders, engagement letters or contracts that describe, discuss, summarize, memorialize or record the circumstances and details related to the IRS's engagement of, or contracting with, any Outside Consultant or Internal Consultant on any transfer pricing or valuation matter involving any taxpayer, including the following:

    a. any documents prepared by or located in the files of the Appeals Office and the Office of Collection, Service Center and Appraisal Services that identify any Outside Consultant or Internal Consultant as a potential expert witness. *See* I.R.M. 1.1.7.2;

    b. any documents in taxpayer files kept in the Large & Mid-Size Business Division ("LMSB") Outside Expert Program referencing any Outside Consultant or Internal Consultant, including:

        i. any written recommendations from Area Counsel and the Technical Advisor. *See* I.R.M. 4.46.3.9.11(4);

        ii. any LMSB Outside Expert Pre-Approval Worksheets. *See* I.R.M. 4.46.3.9.11(5);

        iii. any documents prepared by the Engineer Territory Manager evaluating the need for an Outside Consultant or Internal Consultant. *See* I.R.M. 4.46.3.9.11(5); I.R.M. 4.46.3.9.11(6);

        iv. any documents or information located in the files of the specialist assigned as the technical contact ("Technical Contact Person") referencing any Outside Consultant or

BAKER & McKENZIE

Internal Consultant.   *See* I.R.M.  4.46.3.9.11(8);  I.R.M. 4.46.3.9.11(9); and

    v.  any documents prepared by and located in the files of the Contracting Officer's Technical Representative, including budget requests, Request Tracking System entries and invoices. *See* I.R.M. 4.46.3.9.11(10).

  c.  any documents prepared by or located in the files of the IRS Chief Counsel, including the files of the Chief Counsel's library referencing any Outside Consultant or Internal Consultant. *See* I.R.M. 35.4.4.8.1;

  d.  any purchase orders or contracts prepared by or located in the files of the IRS Department of Contracts and Procurement referencing any Outside Consultant or Internal Consultant. *See* I.R.M. 35.4.4.8.2.3;

  e.  any files or packages entitled "Requesting Services of an Expert Witness" and the documents located therein, referencing the engagement of, or contracting with, any Outside Consultant or Internal Consultant as an expert witness. *See* I.R.M. 35.4.4.8.2.3; and

  f.  any documents prepared in reference to or located in the files of the Significant Case Program, including information contained on the APOLLO system referencing any Outside Consultant or Internal Consultant. *See* I.R.M. 31.2.1.

For purposes of this request, the term "document" is used expansively and includes, by way of illustration and without limitation, all communications, letters, reports, analyses, memoranda, e-mails, transcripts, minutes, notes, bulletins, worksheets, schedules, notebooks, drawings, photographs, drafts, diaries, calendars, workpapers, telecopies, telexes, or any information stored on optical disc, magnetic tape, microfilm or microfiche, or computer memory storage device. The term "document" also refers to any draft or prior version of a document responsive to this request, regardless of whether the market capitalization method was ultimately used or incorporated in any final report or analysis. Drafts include, but are not limited to, any models or simulations.

I anticipate that the requested documents may contain confidential taxpayer return information that is exempt from disclosure under 5 U.S.C. §552(b)(3) and I.R.C. §6103. If it is determined that any requested document or record, or any portion thereof, will not be disclosed, please provide us with the non-exempt documents and records and with the non-exempt portions of the remaining documents and records. In the event an exemption is claimed, please provide us with all segregable non-exempt portions of any withheld document or record pursuant to 5 U.S.C. §552(b). When material is to be redacted, please "black out" rather than "white out" or "cut out" any portions for which an exemption is claimed.

**BAKER & M<sup>C</sup>KENZIE**

If records responsive to this request have been destroyed, please identify the documents destroyed, the date of destruction, and the person who destroyed the document.

Pursuant to 5 U.S.C. §§552(a)(6)(A)(i) and 552(b), if this request is denied either in part or in whole, please provide us with an index that specifies which exemption(s) is (are) being claimed for each portion of each document withheld. Please provide a detailed description of each document or record withheld, including the author(s) and any recipients, the date of its creation, its subject matter, and its current physical location. In addition, please provide also specify the reason that each document or record falls within the exemption claimed for it. Please also specify the number of pages in each document or record and the total number of pages that are responsive to this request. Such an index is required to allow us to evaluate the IRS's claims that these documents are exempt from disclosure. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974); *Church of Scientology v. IRS*, 793 F.2d 146 (D.C. Cir. 1986) (en banc), *aff'd*, 484 U.S. 9 (1987); *Osborne v. IRS*, 754 F.2d 195 (6th Cir. 1985); *White v. IRS*, 707 F.2d 897 (6th Cir. 1983) (quoting *Church of Scientology v. Bell*, 603 F.2d 945 (D.C. Cir. 1979)); *Brooks v. IRS*, 80 AFTR 97-5324 (E.D. Cal. 1997) (citing *Weiner v. FBI*, 943 F.2d 972 (9th Cir. 1991)).

In accordance with Treas. Reg. §601.702(c)(3)(viii), I agree to pay reasonable charges incurred to search for and duplicate the requested documents. Once the materials have been assembled, please advise me of the projected copying charges.

My name, address and telephone number are as follows:

Thomas V.M. Linguanti
Baker & McKenzie LLP
130 East Randolph Drive
Chicago, Illinois 6061-6384
Telephone: (312) 861-2623

In accordance with Treas. Reg. §601.702(f)(3), I attest that I am an "other requester" as defined in Treas. Reg. §601.702(f)(3)(iii)(E). As set forth in 5 U.S.C. §522(a)(6)(A)(i), 31 C.F.R. §1.5(h), and Treas. Reg. §601.702(c)(9)(ii), I would appreciate a response to this request within twenty (20) working days of its receipt.

Please address the requested records to the address set forth above. If you have any questions concerning this request or require further identifying information, please contact me at (312) 861-2623.

**BAKER & MCKENZIE**

Thank you in advance for your consideration on this matter.

Sincerely,

Thomas V.M. Linguanti



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

December 13, 2006

Thomas V. M. Linguanti
Baker & McKenzie LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL   60601

Re:  Internal or External Consultants that Support or Oppose Market
       Capitalization Analysis

Dear Mr. Linguanti:

This is in reference to your Freedom of Information Act request dated October 19, 2006, and received in our office November 08, 2006. We are unable to respond to your request by 12/08/2006, which is the 20 business-day period prescribed by law. We apologize for any inconvenience this delay may cause. You may expect a response by 02/28/2007. Since an administrative appeal is limited to a denial of records, it does not apply in this situation. However, you may instead file suit after the statutory time period for response has lapsed.

The FOIA process is not an additional avenue of recourse during administrative tax proceedings; it merely provides access to existing records. Extending the time period for our response to your request has no bearing on any ongoing tax matter such as collection due process procedures or an examination appeal.

**STATUTORY EXTENSION OF TIME FOR RESPONSE**

In certain situations the FOIA allows us to invoke an additional ten-day statutory extension. To respond to your request, we require additional time to search for, collect, and review responsive records from other locations. Therefore, we have extended the statutory response date (after which you can file suit), to 02/28/2007, as provided for in the FOIA (5 U.S.C. 552(a)(6)(B)).

**ADDITIONAL EXTENSION OF TIME LIMIT**

We realize we will be unable to locate and consider releasing the Internal Revenue Service records covered by your request by the expiration of the statutory period. Therefore, we extended the response date to *02/28/2007*, by

**EXHIBIT X**

Mr. Linguanti
Page 2

which time we reasonably believe we can provide a final response to your request.

If you agree to this extension, no reply to this letter is necessary. If we subsequently deny your request, you still have the right to file an administrative appeal. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the individual named below. If you do not agree to an extension beyond the statutory period, and do not want to modify the scope of your request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i) and 26 CFR 601.702(c)(12). You may file suit in the U.S. District Court where you reside or have your principal place of business, where the records are located, or in the District of Columbia.

You may file suit no earlier than 02/28/2007. Your complaint will be treated according to the Federal Rules of Civil Procedure applicable to actions against an agency of the United States. These procedures require that the IRS be notified of the pending suit through service of process, which should be directed to:

> **Commissioner of Internal Revenue**
> **Attention: CC:PA:DPL**
> **1111 Constitution Avenue, NW**
> **Washington, DC 20224**

## CONTACT INFORMATION

If you have any questions regarding this correspondence, you may contact Tax Law Specialist, Regenia Rascoe, ID # 50-05919, by phone at (202) 622-3662 or by mail at: Internal Revenue Service, Governmental Liaison & Disclosure, ATTN: R. Rascoe, Disclosure Office 3-FOIA, 1111 Constitution Avenue, NW, Washington, DC 20224. Please refer to case number 03-2007-00108.

Sincerely,

Joan D. McClean
Disclosure Manager, ID# 52-00489
Baltimore Disclosure Office 3 - FOIA



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

February 20, 2007

Thomas V. M. Linguanti
Baker & Mckenzie, LLP
One Prudential Plaza – Suite 3500
130 East Randolph Drive
Chicago, IL  60601

Re: Internal/External Consultants that Support/Oppose Market Capitalization Analysis

Dear Mr. Linguanti:

This is in further response to your Freedom of Information Act (FOIA) request dated October 19, 2006, and received in our office November 08, 2006.

We wrote to you on December 13, 2006, asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request and to obtain the requested information from the Office of Chief Counsel. We have been unable to obtain an estimated completion date.

If we are unable to respond by June 22, 2007, we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed to search, collect and review the requested records from other locations.

Should you have any questions concerning this correspondence, you may contact Tax Law Specialist, Symeria Rascoe, ID#50-05919, by calling (202) 283-1931 or by writing to: Internal Revenue Service, Governmental Liaison & Disclosure, SE:S:CLD:GLD:D3 – FOIA, C2-333 – ATTN: R. Rascoe, 5000 Ellin Road, Lanham, MD  20706. Please refer to case number 03-2007-00108.

Sincerely,

Joan D. McClean
Disclosure Manager, ID#52-00489
Baltimore Disclosure Office

**EXHIBIT Y**

**Baker & McKenzie LLP**
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

**Asia Pacific**
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

**Europe & Middle East**
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**North & South America**
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

March 8, 2007

Thomas V.M. Linguanti
Tel: +1 312 861 2623
thomas.v.linguanti@bakernet.com

Internal Revenue Service
Government Liaison & Disclosure
SE:S:CLD:GLD:D3-FOIA
C2-333—Attn: R. Rascoe
5000 Ellin Road, NCFB-C2-332
Lanham, MD 20706

RE:    FOIA Request Case No. 03-2007-00108

To Whom It May Concern:

On October 30, 2006, I submitted a request under the Freedom of Information Act for records ("Attachment A"). On December 13, 2006, the Service responded that they required additional time to respond to this request ("Attachment B"). By letter dated February 20, 2007, Joan D. McLean, IRS Disclosure Manager (ID#52-00489), advised me that the Service needed additional time to respond to my request ("Attachment C"), extending the time to June 22, 2007. Each letter referred to the case number listed above.

Under Treas. Reg. §601.702(c)(9)(ii), the Service shall make the determination about a FOIA request within 20 days of receipt. Under Treas. Reg. §601.702(c)(11), the Service, under unusual circumstances, may request an extension of time to respond to a FOIA request. I have waited patiently for the IRS to respond to my original October 30, 2006, request. In the event that there is any question, please be advised that my needs have not changed. I remain interested in receiving the records requested in my October 30, 2006, letter and may take further action with the FOIA as appropriate.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Thomas V.M. Linguanti

Attachments

**EXHIBIT Z**

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Thomas V. M. Linguanti | Internal Revenue Service |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 8888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Baker & McKenzie LLP
One Prudential Plaza
130 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2623

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00678
Assigned To : Leon, Richard J.
Assign. Date : 4/16/2007
Description: Linguanti v. IRS

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff

⊙ 2 U.S. Government Defendant

O 3 Federal Question
(U.S. Government Not a Party)

O 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**O A. Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**O C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**O D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**O E. General Civil (Other)**     OR     **O F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/* *2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) | ☒ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|  | *(If pro se, select this deck)* | *(If pro se, select this deck)* |  |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

I am seeking injunctive relief that the Defendant comply with my request under the Freedom of Information Act, 5 U.S.C. Sec 552.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ JURY DEMAND: | Check YES only if demanded in complaint YES ☐  NO ☒ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form. |
|---|---|---|---|

DATE  4/16/07    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.